# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | | |
|---|---|---|
| LAWRENCE GOLDBLATT, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 4:09-CV-0748-DGK |
| MINA HERRON et al., | ) ) ) | |
| Defendants. | ) | |

## ORDER

This case arises from pro se Plaintiff Lawrence Goldblatt's attempt to refinance his home from an adjustable rate mortgage (ARM) into a fixed rate, low-interest mortgage shortly before the ARM was due to reset. Goldblatt is now facing foreclosure.

Pending before the Court is Defendant American Home Mortgage Servicing Incorporated's ("AHMSI") Motion to Dismiss (Doc. 49). AHMSI is the servicer on the note and argues Plaintiff's Amended Complaint ("the Complaint") fails to state a claim for relief against it. For the reasons outlined below the motion is GRANTED.

### Standard

In reviewing the adequacy of a complaint the court assumes the factual allegations are true and construes them in the light most favorable to the plaintiff. *Data Mfg, Inc. v. UPS, Inc.*, 557 F.3d 849, 851 (8th Cir. 2009). When the author of the complaint is a pro se litigant the court construes the complaint broadly and liberally. Fed. R. Civ. Pro. 8(e); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (observing that a pro se plaintiff's allegations are held to "less stringent standards than formal pleadings drafted by lawyers"); 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1350 (3d ed. 2004).

Even so, to survive a 12(b)(6) motion to dismiss the complaint must do more than recite the bare elements of a cause of action. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1954 (2009). It must "allege enough facts to 'nudge' its claims 'across the line from conceivable to plausible.'" *Rinehart v. Envtl. Dynamics, Inc.*, No. 09-4221-CV-C-NKL, 2010 WL 55969, at *1 (W.D. Mo. January 4, 2010) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To determine whether the complaint states a claim for relief the court conducts a "context specific" analysis which "draws on its judicial experience and common sense." *Ashcroft*, 129 S.Ct. at 1950; *Rinehart*, 2010 WL 55969 at *1.

## Discussion

**I.     The motion is granted with respect to any TILA, FHA, or tortious interference with a contract claim.**

The Complaint contains no section titled Count I, but if read broadly paragraphs 6 through 47, titled "Factual Allegations," could be construed as bringing claims for violation of the Truth in Lending Act (TILA), the Fair Housing Act (FHA), or for committing tortious interference with a contract or business expectancy against AHMSI.

**A.     The Complaint fails to state a claim for a TILA violation.**

"Congress enacted TILA in 1968 . . to 'assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit.'" *Koons Buick Pontiac GMC, Inc. v. Nigh*, 543 U.S. 50, 53-54 (2004) (quoting 15 U.S.C. § 1601(a)). TILA "requires a creditor to disclose information relating to such things as finance charges, annual percentage rates of interest, and borrowers' rights, and it prescribes civil liability for any creditor who fails to do so." *Koons Buick*, 543 U.S. 54. To state a claim under TILA a plaintiff must show that he did not receive required written

2

disclosures or that the disclosures were not clear and conspicuous. *Nieskens v. Peter*, No. 09-2085 (DSD/SRN), 2010 WL 1626902, at *2 (D. Minn. April 21, 2010). In the present case while Plaintiff's loan appears to be covered by TILA, there is no allegation that AHMSI failed to make the requisite disclosures in a timely fashion. Consequently Plaintiff has failed to state a claim against AHMSI for a TILA violation.

### B. The Complaint fails to state a claim for a FHA violation.

In the context of the present case the elements of a Fair Housing Act claim are (1) that an entity whose business includes engaging in residential real estate-related transactions, (2) discriminated against the plaintiff in making available or in the terms or conditions of such a transaction, (3) because of race, color, religion, sex, handicap, familial status, or national origin. 42 U.S.C. § 3605; *Ring v. First Interstate Mortg., Inc.*, 984 F.2d 924, 927 (8th Cir. 1993). In the present case there is nothing in the Complaint that alleges Option One engaged in discriminatory policies or practices, or that race, color, religion, sex, handicap, familial status, or national origin played any role in Plaintiff's dealings with AHMSI, thus the Complaint does not state an FHA violation.

### C. The Complaint fails to state a claim for tortious interference with a contract.

Alternately paragraphs 6 through 47 might be construed as raising a claim for tortious interference with a contract or business expectancy. Under Missouri law the elements of such a claim are "(1) a contract or a valid business expectancy, (2) defendant's knowledge of the contract or relationship, (3) intentional interference by the defendant inducing or causing a breach of contract or relationship, (4) absence of justification, and (5) damages resulting from defendant's conduct." *Downey v. McKee*, 218 S.W.3d 492, 497 (Mo. Ct. App. 2007). Here Plaintiff alleges he discussed entering a contract with Defendant Mina Herron whereby he would

3

provide architectural services to Premium Mortgage, Inc., in exchange for Herron's loan broker services. Plaintiff acknowledges the two never signed a contract, but assuming for the sake of argument that a contract did exist Plaintiff has failed to allege that AHMSI had any knowledge of this anticipated contract or business expectancy, or that AHMSI intentionally interfered with it. Consequently the Complaint fails to state a claim against AHMSI for tortious interference with a contract or business expectancy.

**II.     Counts II and III bring no claims against AHMSI.**

Count II is captioned "Option One, Inc. Money Had and Received," and Count III is captioned "Neighborhood Assistance Corporation of America Negligence and Misrepresentation." AHMSI has argued that to the extent either count could be construed as bringing claims against it, Plaintiff has failed to state a claim.

The Court notes that AHMSI is not mentioned or described in either count, and after carefully reviewing the allegations, the Court finds neither count could reasonably be construed as bringing any claim against AHMSI. Thus Counts II and III do not state a claim against AHMSI because they are not brought against AHMSI.

**III.    Count IV fails to state a claim for negligence or misrepresentation against AHMSI.**

Count IV alleges "Negligence and Misrepresentation" against AHMSI. It is unclear from Plaintiff's Complaint whether Count IV is alleging negligence or negligent misrepresentation, but Plaintiff has failed to state a claim under either theory.

To prove negligence under Missouri law, a plaintiff must show: (1) the defendant had a duty to protect plaintiff from injury; (2) defendant failed to perform the duty; and (3) plaintiff's injury was proximately caused defendants failure. *Smith v. Dewitt & Assoc., Inc.*, 279 S.W.3d 220, 224 (Mo. Ct. App. 2009). A duty arises wherever "there is a foreseeable likelihood that

particular acts or omissions will cause harm or injury," and the scope of that duty is measured by whether a reasonably prudent person would have anticipated danger and provided against it. *Id.* In contrast, to prevail on a claim of negligent misrepresentation a plaintiff must show: (1) that the defendant supplied information in the course of its business or because of some other pecuniary interest; (2) that because of defendant's failure to exercise reasonable care or competence, the information was false; (3) the information was intentionally provided by defendant for the plaintiff's guidance in a particular business transaction; and (4) that as a result of relying on the information, the plaintiff suffered a pecuniary loss. B.*L. Jet Sales, Inc. v. Alton Packaging Corp.*, 724 S.W.2d 669, 672 (Mo. Ct. App. 1987).

With respect to a negligence claim Plaintiff has failed to allege that AHMSI had any duty to protect Plaintiff from any alleged injury. And with respect to a negligent misrepresentation theory, while Plaintiff alleges a number of alleged deficiencies with the loan modifications offered by AHMSI and Option One, he has failed to allege that any damages were the result of reliance on the information. For instance, Plaintiff alleges that AHMSI "offered a loan modification Agreement to Plaintiff Goldblatt but failed to provide the name and address of the Deed of Trust." But Plaintiff fails to allege any specific facts regarding the exercise of reasonable care, or why this information should have been provided. Although Plaintiff makes conclusory allegations that recite the elements of a cause of action,[1] this is not enough: A complaint must "allege enough facts to 'nudge' its claims 'across the line from conceivable to plausible.'" *Rinehart*, 2010 WL 55969, at *1.

Count IV is dismissed against AHMSI for failure to state a claim.

---

[1] For example, "[b]ecause of Defendant's failure to exercise reasonable care or competence, the appropriate information should have been disclosed to Plaintiff," and "[t]he information was not disclosed to Plaintiff intentionally, in a particular business transaction." (Compl. at ¶¶ 85, 86).

5

**IV.    Count V fails to establish a claim for fraud against AHMSI.**

Finally the Court turns to Count V. Although this count is captioned "Fraud," it appears to assert a claim for fraudulent misrepresentation. The caption does not indicate against which defendants it is brought, but it appears to be brought against Defendants Mina Herron, Premium Mortgage, Inc., Option One, the Neighborhood Assistance Corporation of America, and AHMSI.

The elements of fraudulent misrepresentation are: (1) the speaker makes a false, material representation; (2) the speaker knows the representation is false or ignorant of its truth; (3) the speaker intends that the representation should be acted on by the hearer in the manner reasonably contemplated; (4) the hearer is ignorant of the falsity of the representation; (5) the hearer relies on the representation's truth; (6) the reliance is reasonable; and (7) the hearer's reliance on the representation causes injury. *Bryant v. Smith Interior Design Group, Inc.*, 310 S.W.3d 227, 233 n.5 (Mo. 2010). Plaintiff's claim against AHMSI fails because Count V does not allege a knowingly false communication allegedly made by AHMSI, does not allege how Plaintiff reasonably relied on the representation, and does not allege the representation was the proximate cause of Plaintiff's injuries. Accordingly Count V is dismissed with respect to AHMSI.

**Conclusion**

For the reasons discussed above, AHMSI's motion to dismiss (Doc. 49) is GRANTED. All counts are dismissed against Defendant AHMSI.

**IT IS SO ORDERED.**

DATE:  September 2, 2010                             /s/ Greg Kays
                                                                   GREG KAYS, JUDGE
                                                                   UNITED STATES DISTRICT COURT