IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| LAWRENCE GOLDBLATT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:09-CV-0748-DGK |
| | ) |
| MINA HERRON et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER DENYING MOTIONS FOR INJUNCTIVE RELIEF**

This case arises from pro se Plaintiff Lawrence Goldblatt's unsuccessful attempt to refinance the mortgage on his home and avoid foreclosure. Pending before the Court are Plaintiff's Complaint for Preliminary Restraining Order, and for Temporary and Permanent Injunction (doc. 85) and Plaintiff's Motion for Preliminary Injunction Without Evidentiary Hearing or Oral Argument (doc. 86). At the time Plaintiff filed the motions, the foreclosure process was on-going and Plaintiff hoped to stall the proceedings by seeking an injunction from this Court. The Court declined to immediately issue an injunction because it had already denied Plaintiff's request for injunctive relief. *See* Sept. 9, 2010 Order (doc. 71) denying motion for expedited injunctive relief. Defendants subsequently foreclosed on Plaintiff's home, a decision this Court lacks the power to overturn. *See*, *e.g.*, *In re Madera*, 586 F.3d 228, 232 (3d Cir. 2009) (holding the *Rooker-Feldman* doctrine bars an action which is inextricably intertwined with a state court's foreclosure judgment).

An injunction is an extraordinary remedy and the movant bears the burden of establishing the need for such relief. *Noodles Development, LP. v. Ninth Street Partners, LLP*, 507 F.Supp.2d 1030, 1034 (E.D. Mo. 2007). Because the foreclosure process is now complete,

Plaintiff cannot establish that he is faced with an irreparable harm, namely foreclosure, that issuing the injunction would prevent. *See*, *e.g.*, *Phelps-Roper v. Nixon*, 509 F.3d 480, 484 (8th Cir. 2007).

Accordingly, the motions are DENIED.

**IT IS SO ORDERED.**

DATE: August 10, 2011 /s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT