IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| LAWRENCE GOLDBLATT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:09-CV-0748-DGK |
| | ) | |
| MINA HERRON et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER GRANTING MILLSAP AND SINGER'S MOTION TO DISMISS

This case arises from pro se Plaintiff Lawrence Goldblatt's unsuccessful attempt to refinance the mortgage on his home and avoid foreclosure. Pending before the Court is Plaintiff's Complaint for Preliminary Restraining Order and for Temporary and Permanent Injunction (doc. 85), and Millsap & Singer, LLC's Motion to Dismiss Plaintiff's Complaint for Preliminary Restraining Order, and for Permanent and Temporary Injunction (doc. 88). Although Plaintiff's motion is captioned a complaint, it resembles a motion for injunctive relief. Millsap & Singer argue that the Court should dismiss the "complaint" because it fails to properly plead the elements for injunctive relief, fails to state a cause of action upon which relief can be granted because the foreclosure has already occurred; and because the complaint violates the Court's July 16, 2010 Scheduling Order by naming Millsap & Singer, a non-party, after the deadline to join additional parties has passed.

The Court previously denied a similar motion for an injunction. *See* Order dated Sept. 2, 2010 denying motion for expedited injunctive relief. Defendants subsequently foreclosed on Plaintiff's home, a decision this Court lacks the power to overturn. *See*, *e.g.*, *In re Madera*, 586 F.3d 228, 232 (3d Cir. 2009) (holding the *Rooker-Feldman* doctrine bars an action which is

inextricably intertwined with a state court's foreclosure judgment). Because the Court lacks the power to give Plaintiff the injunctive relief he seeks, Millsap & Singer's motion is granted.

The Court also notes that the deadline to join additional parties to the litigation was October 1, 2010, and Plaintiff has not sought leave to amend the scheduling order to join additional parties to the litigation, or offered any explanation for his failure to add Millsap & Singer as a party before the deadline passed. And after reviewing the record, the Court cannot find any reason why the scheduling order should be amended to permit Plaintiff to add Millsap & Singer to the litigation at this time. Accordingly, even if the *Rooker-Feldman* doctrine did not preclude granting an injunction here, the Court would not grant Plaintiff any relief against Millsap & Singer because it has not been properly joined as a Defendant in this litigation.

The motion (doc. 88) is GRANTED.

**IT IS SO ORDERED.**

DATE:  August 10, 2011                              /s/ Greg Kays
                      GREG KAYS, JUDGE
                      UNITED STATES DISTRICT COURT