IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| LAWRENCE GOLDBLATT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:09-CV-0748-DGK |
| | ) | |
| MINA HERRON et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER DENYING MOTION FOR CHANGE OF VENUE**

This case arises from pro se Plaintiff Lawrence Goldblatt's attempt to refinance the mortgage on his home and avoid foreclosure. Now before the Court is Plaintiff's Motion for Change of Venue (Doc. 148).

The statute governing transfer of venue, 28 U.S.C. § 1404(a), provides in relevant part that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." In enacting section 1404, Congress meant to give district courts the discretion to transfer cases based on an "individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988); *Ozarks Coca-Cola/Dr. Pepper Bottling Co. v. Coca-Cola Co.*, No. 06-03056-CV-W-GAF, 2006 WL 696461, at *4 (W.D. Mo. March 17, 2006). The party moving for transfer bears the burden of proof and must make a clear showing of the right to transfer. *Ozarks Coca-Cola*, 2006 WL 696461, at *4. In making its determination, the court weighs a variety of factors, including the convenience of the witnesses; the convenience of the parties; the availability of the judicial process to compel the attendance of unwilling witnesses; governing law; ease of access to sources of proof; the possibility of delay or

prejudice if the transfer is granted, and practical considerations determining where the case can be tried more expeditiously and inexpensively. *Houk v. Kimberly-Clark Corp.*, 613 F. Supp. 923, 927 (W.D. Mo. 1985). Where the balance of relevant factors is equal or weighs only slightly in favor of the movant, the motion to transfer should be denied. *Id.*

In the present case, the motion does not discuss any of these factors, much less make a clear showing of the right to transfer. Consequently, the movant has not carried his burden and the motion must be denied.

**IT IS SO ORDERED.**

DATE: May 18, 2012 /s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT