IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| LAWRENCE GOLDBLATT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 09-0748-CV-W-DGK |
| ) | |
| MINA HERRON, ) | |
| ) | |
| Defendant. ) | |

**ORDER STAYING CASE PENDING RESOLUTION OF
BANKRUPTCY PROCEEDINGS**

This case arises from *pro se* Plaintiff Lawrence Goldblatt's unsuccessful attempt to refinance the mortgage on his home and avoid foreclosure. He has sued anyone who had any role in either making his mortgage or who attempted, but failed, to refinance his mortgage.

Now before the Court is Defendant Mina Herron's Motion to Dismiss (Doc. 157). Herron, the sole remaining Defendant in this case, filed for bankruptcy in 2010,[1] and Plaintiff has asserted identical claims against her in the bankruptcy case. Herron reports the bankruptcy court has repeatedly held that Plaintiff has no grounds to assert any claim against her, and that the Eighth Circuit bankruptcy appeal panel has repeatedly dismissed Plaintiff's appeals. She argues that under § 11 U.S.C. 1141, the confirmation of her bankruptcy plan will be determinative of all of the claims against her in this case. She also contends Plaintiff's claims are barred by *res judicata* because the bankruptcy court gave Plaintiff notice and an opportunity to appear before taking any action, and that Plaintiff chose not to appear or pursue many of his motions there.

The Court is not persuaded by Herron's *res judicata* argument because she has not supported it with any legal analysis or authority.

---

[1] Case number 4:10-44605-jwv11.

Herron's § 1141(d) argument, however, is valid. Section 1141(d)(1)(A) provides that confirmation of a bankruptcy plan "discharges the debtor from any debt that arose before the date of such confirmation," but it is not applicable until a plan is actually confirmed. In Herron's bankruptcy case, a confirmation hearing is currently scheduled for September 26, 2012. Given that confirmation appears imminent and will likely dispose of Herron's claims here, the Court holds it is in the interest of judicial efficiency for this litigation to be stayed pending resolution of the bankruptcy proceeding.

**IT IS SO ORDERED.**

Date: September 14, 2012          /s/ Greg Kays
                                  GREG KAYS, JUDGE
                                  UNITED STATES DISTRICT COURT